UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, RELATOR LLC,<br>Plaintiff,<br>v.<br>JOSHUA K. ERSKINE, et al.,<br>Defendants. | Case No.: 22cv1158-LL-AHG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[ECF No. 26] |

Before the Court is a Motion to Dismiss the First Amended Complaint filed by Defendants Joshua K. Erskine and CalCon Mutual Mortgage, Inc. (collectively "Defendants") ECF No. 26 ("Mot."). Relator Plaintiff Relator LLC ("Relator") filed an Opposition [ECF No. 28 ("Oppo.")], and Defendants filed a Reply [ECF No. 29]. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court **GRANTS with prejudice** the Motion to Dismiss.

## I. BACKGROUND

### A. Procedural History

Relator initiated this *qui tam* action pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(4)(B) on August 5, 2022 under seal. ECF No. 1. On January 18, 2024, the United

States filed a notice of its election to decline to intervene. ECF No. 18. The Court subsequently unsealed the complaint on January 30, 2024 and ordered it be served upon Defendants. ECF No. 19.

Defendants filed a motion to dismiss on May 1, 2024. ECF No. 23. Before the motion to dismiss was ruled on, Relator filed a First Amended Complaint ("FAC") on May 22, 2024 [ECF No. 24 ("FAC")] and the motion to dismiss was denied as moot [ECF No. 25].

The instant Motion to Dismiss the FAC ("Motion") was filed June 5, 2024.[1] After the Court issued a notice to the United States of the pending Motion [ECF No. 36], the United States provided notice that it takes no position with regard to Defendants' Motion. ECF No. 37.

**B. Factual Allegations**

The following factual allegations are from Relator's FAC.

The Paycheck Protection Program ("PPP) was established in 2020 under the administration of the U.S. Small Business Administration ("SBA") to provide loans to eligible businesses that struggled to pay employees and other business expenses due to the COVID-19 pandemic. FAC ¶¶ 36–39. The PPP loan application required the business to "acknowledge the PPP program rules and make certain affirmative certifications in order

---

[1] Defendants requested the Court take judicial notice of several documents. ECF No. 26-2. The Court **GRANTS** Defendants' request for judicial notice of CalCon Mutual Mortgage LLC's "PPP details" from the PandemicOversight.gov website because it is on a U.S. government website "not subject to reasonable dispute." *See United States ex rel. Hong v. Newport Sensors, Inc*, 728 F. App'x 660, 661 (9th Cir. 2018) ("Under Federal Rule of Evidence 201, a court may take judicial notice of a fact that is 'not subject to reasonable dispute,' either 'because it is generally known within the court's territorial jurisdiction,' or because it 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" (citing Fed. R. Evid. 201(b))); *Molina v. Washington Mut. Bank*, No. 09-CV-00894-IEG (AJB, 2010 WL 431439, at *3 (S.D. Cal. Jan. 29, 2010) ("Information on government agency websites has often been treated as properly subject to judicial notice." (citations omitted)). The Court **DENIES** Defendants' request for judicial notice as to the other documents because they were not referenced by the Court nor necessary to its analysis.

to be eligible to obtain a loan, including that it was eligible for a loan, needed the loan to pay employees, and used it for that purpose." *Id.* ¶ 41. "Businesses were required to spend loan proceeds for employee compensation, rent or mortgage, and other specified expenses and, depending on their use of the loan proceeds, could qualify for loan forgiveness, up to the full amount of the loan." *Id.* ¶ 40.

Defendant CalCon Mutual Mortgage, Inc. ("CalCon") applied for and received a PPP loan for $4,964,200, and later obtained total loan forgiveness. *Id.* ¶¶ 9, 34. Plaintiff claims that CalCon is ineligible to receive PPP loans because it is a money lending business and an issuer of mortgage-backed securities. *Id.* ¶ 13. As such, CalCon and its CEO, founder, director, and owner Erskine allegedly falsified their loan eligibility, the number of jobs on payroll, allowable payroll costs, economic necessity for the loans, the use of the loans on authorized expenses, and the need for loan forgiveness. *Id.* ¶ 11.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) [2]

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,'" it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A "formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it

---

[2] The term "rule" refers to the Federal Rules of Civil Procedure, unless otherwise indicated.

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b)). However, a court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

When a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading

could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). The Court may deny leave to amend where an amendment would be futile. *Desoto*, 957 F.2d at 658 (citation omitted).

**B. Rule 9(b)**

"Because they involve allegations of fraud, *qui tam* actions under the FCA must meet not only the requirement of Rule 8, but also the particularity requirements of Rule 9." *United States v. Corinthian Colleges*, 655 F.3d 984, 992 (9th Cir. 2011). The Federal Rules of Civil Procedure state that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," but that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "This means the plaintiff must allege 'the who, what, when, where, and how of the misconduct charged,' including what is false or misleading about a statement, and why it is false." *Puri v. Khalsa*, 674 F. App'x 679, 687 (9th Cir. 2017) (quoting *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)). "Allegations of fraud based on information and belief may suffice as to matters peculiarly within the opposing party's knowledge, so long as the allegations are accompanied by a statement of the facts upon which the belief is founded." *Puri*, 674 F. App'x at 687; *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (citations omitted).

## III. DISCUSSION

Defendants argue that the FAC must be dismissed because Relator's claims are barred by the False Claims Act public disclosure bar, and that the FAC fails to state a claim

/ / /

/ / /

under Rule 12(b)(6) because it does not meet the plausibility pleading standard of Rule 8(a) or the heightened pleading standard of Rule 9(b). Mot. at 9.[3] Relator disagrees. Oppo.

The False Claims Act ("FCA") creates civil liability for any person who, *inter alia*, "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1). Thus, the elements of an FCA claim are "(1) a false statement or fraudulent course of conduct, (2) made with the scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 899 (9th Cir. 2017) (citation omitted). "A private person, known as a *qui tam* relator, may bring a civil action under the FCA in the name of the U.S. government." *United States v. Allergan, Inc.*, 46 F.4th 991, 994 (9th Cir. 2022) (citing 31 U.S.C. § 3730(b)). "If the government declines to proceed, the relator may prosecute the action and, if successful, recover up to thirty percent of the damages." *Silbersher v. Valeant Pharms. Int'l, Inc.*, 89 F.4th 1154, 1158–59 (9th Cir.), *cert. denied,* 145 S. Ct. 140 (2024) (citing 31 U.S.C. §§ 3730(b)(4), (d)(2)). The FCA "provides limits on who can bring a *qui tam* action and the sources of information upon which they can base their suit" in order to prevent "parasitic" or "opportunistic" *qui tam* actions. *Allergan, Inc.*, 46 F.4th at 994.

### A. Public Disclosure Bar

At issue here is the FCA's public disclosure bar, which states as follows:

> The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed--
>
> (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
>
> (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or

---

[3] Citations to page numbers in docketed materials refer to the CM/ECF page number printed at the top of each page.

(iii) from the news media,

unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A).

To determine if the public disclosure bar is triggered, a court must determine if "(1) the disclosure at issue occurred through one of the channels specified in the statute; (2) the disclosure was public; and (3) the relator's action is substantially the same as the allegation or transaction publicly disclosed." *Silbersher*, 89 F.4th at 1163 (quoting *Allergan, Inc.*, 46 F.4th at 996).

**1. Public Disclosure**

Defendants argue that all of the facts upon which Relator's claims are based are "publicly available on PandemicOversight.gov, an official website of the United States government," which is a "report" or "news media" under the public disclosure bar. Mot. at 23–24, 24 n.10. Relator argues that the website does not qualify as "news media," but is silent on whether it is a "report." Oppo. at 19–21.

The Court finds the PandemicOversight.gov website is a "federal report" for purposes of the public disclosure bar. The ordinary meaning of "report" is "something that gives information" or a "notification," or "[a]n official or formal statement of facts or proceedings." *Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 407–08 (2011) (citations omitted). "This broad ordinary meaning of 'report' is consistent with the generally broad scope of the FCA's public disclosure bar." *Id.* at 408. The PandemicOversight.gov website is maintained by the Pandemic Response Accountability Committee and gives information to the general public on pandemic program spending, including data on PPP loans forgiven. It states on a banner at the top of each page that it is an official website of the United States government. The website thus satisfies the broad ordinary meaning of a federal report.[4] *See id.* at 407–08; *United States ex rel. Relator, LLC*

---

[4] The Court declines to address whether the website is a "news report" because it has determined it is a "federal report."

*v. Kootstra*, No. 1:22-CV-00924-TLN-CDB, 2024 WL 3666470, at *4 (E.D. Cal. Aug. 6, 2024) (finding the PandemicOversight.gov website qualifies as a "federal report" under the public disclosure bar).

**2. Substantially Similar Allegation or Transaction**

Defendants argue that Relator's action is substantially similar to the "transactions already disclosed on PandemicOversight.gov and elsewhere." Mot. at 24. Relator disagrees, arguing that the public disclosures are not sufficient to be considered "substantially similar" to its claims because there was no disclosure that CalCon was a direct lender—and thus ineligible for a PPP loan— and not merely a loan servicer or one that sold its loans within fourteen days, which were eligible for PPP loans. Oppo. at 24.

The public disclosure bar requires a finding that "substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed." 31 U.S.C. § 3730(e)(4)(A). "Courts have interpreted 'allegation' to refer to a direct claim of fraud, and 'transaction' to refer to facts from which fraud can be inferred." *U.S. ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 571 (9th Cir. 2016). The Ninth Circuit has held that for purposes of the public disclosure bar, "[t]he substance of the disclosure . . . need not contain an explicit 'allegation' of fraud, so long as the material elements of the allegedly fraudulent 'transaction' are disclosed in the public domain." *Id.* (citation omitted). It explained as follows:

> [I]f X + Y = Z, Z represents the allegation of fraud and X and Y represent its essential elements. In order to disclose the fraudulent transaction publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z, i.e., the conclusion that fraud has been committed.
>
> We have further explained that, "in a fraud case, X and Y inevitably stand for but two elements: 'a misrepresented state of facts and a true state of facts.' "[I]n order to invoke the jurisdictional bar, a defendant must show 'that the transaction . . . [is] one in which a set of misrepresented facts has been submitted to the government.'"

*Id.* (citations omitted). Additionally, substantial similarity can be found if the government "was on notice to investigate the fraud before the relator filed his complaint." *Id.* at 574.

Here, the parties dispute whether material elements of the allegedly fraudulent transaction were publicly disclosed. Using the *Mateski* formula, Defendants contend that "X" is the allegation that "CalCon applied for and received a PPP loan under NAICS Code 522292" and "Y" is the allegation that "NAICS Code applies to businesses categorically excluded from SBA loan participation." Mot. at 25. Relator argues that there was no public disclosure that CalCon was a direct lender—and thus ineligible for a PPP loan— and not merely a loan servicer or one that sold its loans within fourteen days, which were eligible for PPP loans. Oppo. at 24.

The Court finds the material elements of the allegedly fraudulent transaction were publicly disclosed. The FAC alleges that CalCon admitted on its PPP loan application "that its business function includes lending functions by reporting its industry type with NAICS code 522292, which is for lending companies that use real estate as collateral." FAC ¶ 21. The FAC also alleges that mortgage lenders like CalCon are ineligible to receive any SBA loans, including the PPP loans, pursuant to the SBA's Standard Operating Procedure describing ineligible businesses and the limited exceptions. *Id.* ¶¶ 20–22, 35, 56–59. In the PandemicOversight.gov database, the result for "CalCon Mutual Mortgage, LLC" shows, *inter alia*, the following information: borrower name and location, loan amount, amount forgiven, dates approved and forgiven, spending category, industry, and jobs reported. ECF No. 26-3 at 7. The Court finds Defendants' status as a mortgage lender and their receipt and forgiveness of a PPP loan were publicly disclosed on PandemicOversight.gov, from which one may infer that fraud was committed. *See Kootstra*, 2024 WL 3666470, at *4 ("In other words, the material elements of the alleged fraud—that Defendants applied for a PPP loan despite being a mortgage lender—were publicly disclosed."). Additionally, the Court finds that Defendants' reporting of its industry type on its loan application put the government "on notice to investigate the fraud before the relator filed his complaint" because lenders are generally ineligible for PPP loans with only limited exceptions. *See Mateski*, 816 F.3d at 574. For these reasons, the Court finds substantially the same transactions as alleged in Relator's FAC were publicly disclosed.

### 3. Original Source Exception

An "original source" would overcome the public disclosure bar, but Relator does not argue that it is an original source of the information underlying its claims.

An "original source" is defined as a person who either (1) "prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based," or (2) "has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section." 31 U.S.C. § 3730(e)(4)(B). The relator "bears the burden of establishing that he qualifies as an original source." *United States ex rel. Solis v. Millennium Pharms., Inc.*, 445 F. Supp. 3d 786, 795 (E.D. Cal. 2020), *aff'd sub nom. Solis v. Millennium Pharms., Inc.*, 852 F. App'x 298 (9th Cir. 2021).

The Court finds Relator has not met its burden of establishing that it is an original source. The FAC alleges the following: "To the extent that there has been a public disclosure unknown to Relator, it is the 'original source' within the meaning of 31 U.S.C. § 3730(e)(4)(B) and/or the public disclosure is a result of Relator voluntarily providing this information to the United States Government prior to filing this *qui tam* action." FAC ¶ 4. This recitation of the definition of an original source is not sufficient. *See Twombly*, 550 U.S. at 545 ("[A] formulaic recitation of a cause of action's elements will not do."). Nor does Relator show that it has "knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions." *See* 31 U.S.C. § 3730(e)(4)(B). Therefore, the original source exception does not apply here.

Accordingly, the Court finds Relator's claims that CalCon applied for, received, and used a PPP loan despite knowing that it was ineligible is barred by the public disclosure bar.

/ / /

/ / /

/ / /

### B. Pleading Requirement

Defendants argue that Relator failed to sufficiently plead that CalCon falsified its number of employees.[5] Mot. at 28–29. Relator disagrees, arguing that it has sufficiently alleged all claims. Oppo. at 12–15.

The FAC claims that CalCon inflated the number of jobs reported in its PPP loan documents. FAC ¶ 16. It states, "[t]his number, 432, cannot be correct" and bases this on the square footage of CalCon's headquarters and claims that CalCon only had eleven offices including its headquarters. *Id.* Using a "standardized formula" to determine seating space per employee, the FAC states that "[e]ven assuming operation in other states and out of office workers, 432 employees on regular payroll is an *inflated number* based on square footage reported and online sources regarding company size." *Id.*

The Court finds Relator has failed to sufficiently plead a facially plausible claim that CalCon falsified its number of employees. Relator merely speculates on the number of employees based on the square footage of one of CalCon's eleven offices. Additionally, Relator conveys no facts about the size of the other ten offices or whether employees work remotely in a capacity that does not require office space. The Court finds the conclusion that CalCon inflated its job numbers to be an unwarranted deduction of fact, which the Court need not accept as true. *See In re Gilead Scis. Secs. Litig.*, 536 F.3d at 1055. Without this unwarranted conclusion, the FAC is devoid of facts showing a plausible claim that CalCon's jobs number is incorrect under Rule 8(a) or why the number of jobs is false under Rule 9(b). *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *Puri*, 674 F. App'x at 687 (9th Cir. 2017). Therefore, Relator has failed to sufficiently plead that CalCon falsified its number of employees, and this claim must be dismissed. *See U.S. ex rel.*

---

[5] Defendants also argue that Relator failed to sufficiently plead that CalCon was ineligible to receive a PPP loan, falsified its use of the loan on authorized expenses, had the requisite scienter for a FCA claim, and individual claims against Defendant Erskine but the Court declines to address these as it has already found that the public disclosure bar applies to these claims. *See supra* Section III.A.

*Aflatooni v. Kitsap Physicians Servs.*, 163 F.3d 516, 526 (9th Cir. 1999) ("[T]he purposes of the [False Claims] Act would not be served by allowing a relator to maintain a qui tam suit based on pure speculation or conjecture.").

**C. Leave to Amend**

The Court finds leave to amend in this case is not warranted. The Court has found that the material elements of the allegedly fraudulent transaction were publicly disclosed and that they are substantially the same transactions as alleged in the FAC, and any allegations of other facts consistent with the FAC could not possibly cure this deficiency. *Desoto*, 957 F.2d at 658 (citation omitted). As to whether Relator is an "original source" that could defeat the public disclosure bar or whether Relator could sufficiently plead that CalCon inflated its number of jobs, Relator already had an opportunity to amend these portions of its complaint and they were still insufficient. After Defendants filed their motion to dismiss the original complaint, Relator amended its FAC twenty-one days later. ECF Nos. 23, 24. The motion to dismiss the original complaint contains the same arguments regarding the public disclosure bar as the instant Motion to Dismiss the FAC, including that Relator does not qualify as an "original source" to avoid the public disclosure bar. *Compare* ECF No. 23 at 16–21 *with* Mot. at 22–27. Additionally, Relator includes no arguments in its Opposition regarding whether it is an "original source." The motion to dismiss the original complaint also contains the same arguments about the jobs number claim as the instant Motion to Dismiss the FAC. *Compare* ECF No. 23 at 23–24 *with* Mot. at 28–30. That Relator had an opportunity to correct its deficiencies in the FAC but failed to do so is "a strong indication that [it had] no additional facts to plead." *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009). Accordingly, the Court finds amendment would be futile. *See Desoto*, 957 F.2d at 658 (citation omitted).

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS with prejudice** Defendants' Motion to Dismiss the FAC. The Clerk of Court shall enter judgment and close this matter.

**IT IS SO ORDERED**.

Dated: February 25, 2025

Honorable Linda Lopez
United States District Judge